IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| DARVEN WILLIAMS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:99cv436 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

A final judgment was entered denying this petition for writ of habeas corpus. Petitioner has filed a motion asking that this case be reopened.  The Court construes the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake; inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has ben reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons that justifies relief.

Rule 60(c) states that a motion for relief from judgment must be filed within a reasonable time, and, if reasons (1), (2) or (3) are relied on, no more than a year after final judgment was entered.

Petitioner, who is no longer incarcerated, challenged two convictions for possession of a controlled substance. The Court determined one of his two grounds for review was without merit and that the other ground for review was procedurally barred.  Now, Petitioner contends the court erred and asserts that both grounds are meritorious.

Petitioner's motion is not based on a mistake, newly discovered evidence, or fraud.  Nor does the motion assert that the judgment is void or has been satisfied. And, because Petitioner's motion was filed more than 21 years after the final judgment was entered, it was not timely. Thus, Petitioner's motion fails to assert a sufficient basis for relief.

<u>ORDER</u>

For the reasons set forth above, it is ORDERED that Petitioner's motion to reopen his case, [Dkt. 57], is DENIED. Petitioner's motion seeking a ruling on his petition, [Dkt. 58], is DENIED as moot.

**SIGNED this 2nd day of August, 2022.**

Michael J. Truncale
United States District Judge